UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

---

| | |
|---|---|
| WAYNE GILMORE, an individual, | : :<br>: |
| Plaintiff, | : CASE NO.: 2:22-cv-4537<br>:<br>: |
| v. | :<br>: |
| KRC VETERANS PROPERTIES LLC, a Louisiana Limited liability Company, | :<br>:<br>: |
| Defendant. | : |

## COMPLAINT

Plaintiff, WAYNE GILMORE, by and through his undersigned counsel, hereby files this Complaint and sues KRC VETERANS PROPERTIES LLC, a Louisiana Limited liability Company, for declaratory and injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3. Plaintiff, WAYNE GILMORE, (hereinafter referred to as "MR. GILMORE" or "PLAINTIFF"), is a resident of St. John the Baptist Parish, Louisiana.

4. MR. GILMORE is a qualified individual with a disability under the ADA. MR. GILMORE is paralyzed from the waist down. MR. GILMORE is a paraplegic and uses a

1

wheelchair as his primary means of mobility.

5. Due to his disability, PLAINTIFF is substantially impaired in several major life activities and requires a wheelchair for mobility.

6. Upon information and belief, Defendant KRC VETERANS PROPERTIES LLC, a Louisiana Limited liability Company (hereinafter referred to as "Defendant"), is the owner, lessee, lessor and/or operator of the real properties and improvements which is the subject of this action, to wit: the "Property," Walgreens, generally located at 4607 Veterans Memorial Blvd, Metairie, LA 70006. Defendant is obligated to comply with the ADA.

7. All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, Jefferson Parish, Louisiana. DEFENDANT is responsible for complying with the obligations of the ADA.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. PLAINTIFF realleges and reavers the proceeding paragraphs as if they were expressly restated herein.

9. The Property, a Walgreens, is a public accommodation and is subject to the ADA.

10. MR. GILMORE has visited the Property numerous times and plans to visit the Property again in the near future.

11. During his visits, MR. GILMORE experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in detail herein.

12. MR. GILMORE intends to and will visit the Property to utilize the goods and services in the future, but fears that he will encounter the same barriers to access which are the subject of this action unless they are properly corrected. However, but for the barriers to access

discussed herein, Plaintiff would visit the Property more often.

13. DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.304 *et seq*. and is discriminating against PLAINTIFF due to, but not limited to, its failure to remedy, *inter alia*, the following violations which were personally encountered by PLAINTIFF and which hindered his access to the property:

    A. Plaintiff encountered inaccessible disabled use parking spaces near the front entry of the Walgreens store due to faded paint lines which caused confusion and made it more difficult to identify the available ADA parking spaces.

    B. Plaintiff encountered inaccessible disabled use parking spaces near the front entry of the Walgreens store due to spaces which are located on slopes in excess of 4%. This forced Plaintiff to use extra caution when transferring from a vehicle to his wheelchair due to the unsafe slopes and increased the chances of a fall.

14. Furthermore, DEFENDANT continues to discriminate against PLAINTIFF by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to provide PLAINTIFF an equal opportunity to participate in, or benefit from, the goods, services, facilities, privileges, advantages, and accommodations which DEFENDANT offers to the general public; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

15. To date, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

16. Removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

17. Removal of the barriers to access located on the Property would provide PLAINTIFF an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which DEFENDANT offers to the general public.

18. Independent of his intent to return as a patron to the Property, PLAINTIFF additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

19. PLAINTIFF has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  PLAINTIFF is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANT, pursuant to 42 U.S.C. § 12205.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT, and requests the following injunctive and declaratory relief:

    A. That this Court Declare that the Property owned, leased, leased to and/or operated by DEFENDANT is in violation of the ADA;

    B. That this Court enter an Order directing DEFENDANT to alter the facility to make it accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.  That this Court enter an Order directing DEFENDANT to evaluate and neutralize its policies, practices, and procedures towards persons with disabilities for a reasonable amount of time, allowing implementation and completion of corrective procedures;

D.  That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to PLAINTIFF; and

E.  That this Court awards such other and further relief as it deems necessary, just and proper.

Dated: November 16, 2022

Respectfully submitted,

KU & MUSSMAN, P.A.

By: */s/ Georgianne Sims*
Georgianne Sims, Esq. (La. # 27879)
18501 Pines Blvd, Suite 209-A
Pembroke Pines, FL 33029
Tel: (305) 891-1322
Fax: (954) 686-3976
Georgianne.sims@gmail.com
*Attorney for Plaintiff*